# UNITED STATES DISTRICT COURT
## Southern District of Mississippi
### Eastern Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987) |
| | Case Number:  3:03cr16TSL-AGN-001 |
| SHANNON RENEE HEMMINGWAY | |
| | Defendant's Attorney:  Dennis Joiner, Federal Public Defender<br>200 S Lamar Street, Suite 100-S<br>Jackson, MS 39201    601-948-4284 |

**THE DEFENDANT:**

■ admitted guilt to violation of condition(s)  Mandatory Conditions, Standard Conditions #2, #3, & #11
Mandatory Condition  of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

| Violation Number | Nature of Violation | Date Concluded |
|---|---|---|
| Mandatory Condition | The offender failed to refrain from violation of the law. On 01/02/06, the supervised releasee was arrested by the Jackson Police Department and charged with Domestic Violence and Possession of a Firearm by a Convicted Felon. | 01-02-06 |
| Mandatory Condition | The offender failed to pay restitution in compliance with the Court ordered payment schedule. On 05/02/03, restitution was ordered payable at a rate of $100.00 monthly to commence 07/02/03. The offender's last payment to the Court was tendered on 02/01/05, and offender is currently in arrears $1,065.00. | 03-02-06 |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR - 7 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:    _

Defendant's Date of    _

Defendant's USM No.:    _

Defendant's Residence Address:

318 Alexander Street, Apt. #5

Jackson, MS 39202

March 2, 2006
Date of Imposition of Judgment

/s/ Tom S. Lee
Signature of Judicial Officer

Tom S. Lee, U.S. District Court Judge
Name and Title of Judicial Officer

3/7/06
Date

DEFENDANT: SHANNON RENEE HEMMINGWAY
CASE NUMBER: 3:03cr16TSL-AGN-001

# ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Standard Condition #2 | The offender failed to submit a truthful written monthly supervision report. The offender submitted a monthly supervision report for October 2005, which falsely indicated that she had not been arrested or questioned by law enforcement officers during the month of October, when in fact, on 10/29/05, Jackson Police Officers responded to a domestic complaint at the offender's residence which subsequently resulted in offender being placed under arrest for an outstanding warrant. | 10-29-05 |
| Standard Condition #2 | The offender failed to submit a truthful and complete written report within the first five (5) days of each month. The offender's monthly supervision reports for July 2005, August 2005, and September 2005 were not received by the Probation Office until November 7, 2005. | 11-07-05 |
| Standard Condition #3 | The offender failed to follow the instructions of the U.S. Probation Officer. On 01/23/06 and 01/24/06, U.S. Probation Officer (USPO) Jamie Newman gave the offender instructions to report to the Probation Office on 01/24/06 for an appointment with USPO Newman. Offender failed to report as directed. | 01-24-06 |
| Standard Condition #11 | The offender failed to notify the U.S. Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer. The offender was arrested by Jackson Police Officers on 10/29/05, and failed to notify the Probation Officer. | 10-29-05 |

| | |
|---|---|
| DEFENDANT: SHANNON RENEE HEMMINGWAY | Judgment — Page 3 of 7 |
| CASE NUMBER: 3:03cr16TSL-AGN-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ten (10) months.**
The costs of incarceration is waived.

☐  The Court makes the following recommendations to the Bureau of Prisons:

■  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____.

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____.

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: SHANNON RENEE HEMMINGWAY
CASE NUMBER: 3:03cr16TSL-AGN-001

Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **twenty-six (26) months.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SHANNON RENEE HEMMINGWAY
CASE NUMBER: 3:03cr16TSL-AGN-001

Judgment—Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

A. The defendant shall submit any requested business or personal financial information to the supervising U.S. Probation Officer, and shall not incur any new line of credit without prior approval of the supervising U.S. Probation Officer.

B. The defendant shall pay the remaining restitution balance owed in this case in regular monthly installments of not less than $140.00, with payments commencing thirty (30) days following release from imprisonment.

DEFENDANT: SHANNON RENEE HEMMINGWAY
CASE NUMBER: 3:03cr16TSL-AGN-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ | $ | $ 3,517.65** |

**Balance of previously ordered $5,352.65 restitution, in accordance with the original Order, dated May 2, 2003.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| AmSouth<br>ATTN: Willie Covington<br>Corporate Security<br>210 E. Capitol St.<br>Jackson, MS 39201 |  | $4,377.65 | 100% |
| Trustmark National Bank<br>ATTN: Wayne Humphrey<br>Corporate Security<br>248 E. Capitol St.<br>Jackson, MS 39201 |  | $ 975.00 |  |
| TOTALS | $ | $ 5,352.65** |  |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____ .

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

  ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: SHANNON RENEE HEMMINGWAY
CASE NUMBER: 3:03cr16TSL-AGN-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

 ☐ not later than _____ , or
 ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ per month _____ (e.g., months or years), to commence __30__ (e.g., 30 or 60 days) after the date of this judgment; or

D ■ Payment in __monthly__ (e.g., equal, weekly, monthly, quarterly) installments of $ __NLT $140.00__ over a period of __months__ (e.g., months or years), to commence __30__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ■ Special instructions regarding the payment of criminal monetary penalties:

**The offender shall pay the balance of the previously ordered restitution, in accordance with the original Order, dated May 2, 2003.**

Unless the Court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

 Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.